UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERREN COOK | CIVIL ACTION |
| VERSUS | NO: 08-5177 |
| JAMES HUCHINGSON, ET AL. | SECTION: "A" (2) |

**ORDER AND REASONS**

Before the Court is a **Motion to Remand (Rec. Doc. 7)** filed by Terren Cook. The Defendants, James Huchingson, Chad Huchingson, and Alfa Vision Insurance Company, oppose the motion. The motion, set for hearing on February 18, 2009 is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

## I. BACKGROUND

The instant action arises out of an automobile accident which occurred on or about September 25, 2008. The Plaintiff, Terren Cook, claims that a truck owned by Chad Huchingson and driven with permission by James Huchingson negligently injured the Plaintiff. The Plaintiff further alleges that Alfa Vision Insurance Company issued a liability insurance policy to cover Chad Huchingson.

As a result of the foregoing, Cook filed an action in the 23rd Judicial District Court for the Parish of St. James against the following defendants: Chad Huchingson, James Huchingson, and Alfa Vision Insurance Company. In the suit, the Plaintiff alleges that he has sustained cervical and lumbar spine sprains and full disability as a result of the accident. The Plaintiff also alleges that he has suffered and/or will suffer past, present, and future medical expenses, lost wages, physical pain, as well as psychological damage and emotional distress.

James Huchingson filed a timely Notice of Removal on December 18, 2008. (NOR ¶ 2). Huchingson bases removal upon the Court's diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441, *et seq.*, arguing that all parties are diverse and that the amount in controversy is in excess of $75,000.00 exclusive of interest and costs. (*Id.* at ¶ 2). Specifically, Huchingson alleges the following regarding citizenship: James and Chad Huchingson are residents of the State of Arkansas, Alfa Vision Insurance Company is an Alabama Corporation with its principal place of business in Tennessee, and Plaintiff is a resident of the state of Louisiana. (*Id.* at ¶ 3).

Through the instant motion, Cook moves for an order remanding this matter to state court, on the grounds that there is no subject matter jurisdiction over the claim at issue. (Rec. Doc. 7). The Plaintiff specifically argues that there is not $75,000 of insurance coverage to compensate the Plaintiff for his injuries, and he has offered to accept the policy limit from Alfa Vision and Chad Huchingson while reserving rights against James Huchingson and his unknown insurance company. (*Id.*).

The Defendants oppose the motion. (Rec. Doc. 12). The Defendants assert that there is diversity jurisdiction and the matter is properly in federal court. The Defendants argue that it is

facially apparent from the petition that the Plaintiff's alleged claim exceeds $75,000, and the medical records available also support that conclusion.

## II. **DISCUSSION**

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citing 1 J. Moore, Moore's Federal Practice § 0.71[5.-1] (1996)). The parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived. *Id.* (Citing Fed.R.Civ.P. 12(h)(3); *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76, 62 S.Ct. 15, 20, 86 L.Ed. 47 (1941)). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing the action to federal court. *Id.* (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984); 1 J. Moore, Moore's Federal Practice § 0.71[5.-1] (1996)).

It is well established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.*, 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id.* Any doubts regarding whether removal jurisdiction is proper should be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In the instant case, Defendant James Huchingson removed the case to this Court and, consequently, bears the burden of establishing that jurisdiction is proper.[1] Having reviewed the memoranda submitted by the parties, the Court finds that the Defendants have satisfied their burden.

As explained above, the Defendants assert that this Court has subject matter jurisdiction pursuant to diversity jurisdiction. In order for diversity jurisdiction to be established, diversity of citizenship must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (citing *Getty Oil Corp., Division of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 773 (5th Cir. 1986)). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Id.* (quoting *Getty Oil*, 841 F.2d at 1259; *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). Because the Plaintiff has failed to address this aspect of diversity jurisdiction in his Motion to Remand, the Court assumes that there is no opposition to the facts stated in the Notice of Removal. Those facts, taken as true, establish complete diversity in this matter.

The removing Defendants must also prove by a preponderance of the evidence that the jurisdictional amount is satisfied. *See Clayton v. American Security Insurance Company*, 466 F. Supp. 2d 720 (M.D. La. 2006) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rehrg. denied*, 70 F.3d 26 (5th Cir. 1995). The Defendants may do so by either demonstrating that it is

---

[1] All of the Defendants have since consented to the removal, and join in opposition to the Motion to Remand.

facially apparent from the face of the petition that the amount exceeds $75,000, or by setting forth facts supporting a finding that the amount is adequate. (*Id.* at 722). The Court finds the Defendants' arguments persuasive, and agrees that the jurisdictional amount in this case appears to be met on the face of the petition.[2] As discussed above, the Plaintiff claims both a cervical and lumbar spine sprain, full disability, as well as psychological damages as a result of the accident. Additionally, because the Plaintiff failed to plead in his petition that the claim is for less than the requisite amount required, he has in effect conceded that amount in controversy exceeds that amount. Thus, there is a strong presumption of jurisdiction. *See* La. Code Civ. Proc. Art. 893, *Areno v. State Farm Fire & Casualty Co.*, 2007 WL 148694 (W.D. La. 2007).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** filed by Terren Cook **DENIED**.

February 19, 2009

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

[2] The Court also finds merit in the Defendants' argument that the medical records support a finding that the amount in controversy being met.